## HOWARD a. FARLEY.

*New York Superior Court; Special Term, March,* 1865.

### COSTS.—OFFER TO ALLOW JUDGMENT.

Under section 385 of the Code, which allows a defendant to offer, at the time of answering, to permit judgment to be entered, and provides that if the offer be not accepted, the plaintiff, if he fail to obtain a more favorable judgment, cannot recover costs—the amount of the judgment is not the only test of its favorableness.

Thus, where in an action to recover an instalment of interest due upon a bond secured by mortgage, the principal in which was not due, the defendant offered to allow judgment for the principal and interest, and the plaintiff claiming judgment in form for the penalty, refused the offer, but subsequently recovered judgment for interest only :—

*Held,* that the latter judgment might be deemed more favorable than the offer, because on a judgment according to the offer the defendant might have paid off the principal immediately, and compelled the plaintiff to seek another investment.

Appeal from taxation of costs by the clerk.

The complaint in this action alleged the making of a bond by the defendants in the penalty of $7,600, conditioned to pay $3,800 on the 21st of May, 1865, with interest payable half-yearly. The complaint further alleged that a half-year's interest became due on the 21st of November, 1863, which remains unpaid, whereby the defendants became liable to pay to the plaintiff the sum of $7,600, the penalty of the bond.

The defendants denied the right of the plaintiff to take judgment for the penalty, and insisted that it should be for the condition.

The court gave judgment for the amount due by the condition—*i. e.*, for interest only. The decision is reported *Ante*, 260.

With their answer in the cause the defendant had served on the plaintiff an offer, under section 385 of the Code, to allow judgment to be entered for $3,800, with interest from May 21, 1863, and additional interest on $133, from November 21, 1863, besides the costs of the action. The offer was not accepted.

Upon the taxation of costs on entering the judgment directed by the court in its decision, the clerk refused to tax any costs to the plaintiff, except " for proceedings before notice of trial." The plaintiff appealed to the court.

*Gouveneur Tillotson*, for the appellant.

*Adolph Levinger*, for the respondents.

MONELL, J.—The defendants' offer was to allow judgment to be entered for the whole sum secured by the bond ; and if the plaintiff has failed to obtain a more favorable judgment, he cannot recover costs, but must pay costs to the defendants from the time of the offer.

The demand of judgment for the penalty of the bond was through an error of the plaintiff's counsel in supposing that the old action of debt on bond was not abolished by the Code. The plaintiff did not claim to collect the penalty, but claimed that the judgment should be in form for the penalty as in the old action of debt. In that case an execution could have been issued to collect such sum only as was due by the condition of the bond —in this case, six months' interest. The principal sum secured by the bond in suit will not become due until the 21st of May, 1865, and the plaintiff is not obliged, nor can she be compelled to receive it before maturity. The bond is presumed to be well secured by mortgage on real property. The acceptance of the offer to allow judgment would have required a judgment for the amount stated in the offer, and it could not have been for any less sum. The judgment being entered, the defendants could pay the amount, and thus satisfy the bond and claim a discharge of the mortgage. Such a judgment cannot be said

to be more favorable than such as the plaintiff has obtained. It would compel the plaintiff to receive the principal before due, and deprive her of a good investment of her money. The amount of the judgment is not the only test. Capitalists, whose means are invested in bond and mortgage, are usually reluctant to receive the principal until due. There is a liability to lose interest and another investment must be found. Under these circumstances, I think the judgment the plaintiff obtained was more "favorable" than the offer, and, consequently, she is entitled to recover the costs of the action.

---

## HECKER *a*. THE MAYOR, &c.

*Supreme Court, First District; Chambers, January, 1865.*

### INJUNCTION.—OFFICERS OF CITIES.

A complaint verified in the ordinary form, containing statements upon information and belief, is not alone sufficient to sustain an injunction.

The city inspector of New York is, under the laws creating his office, the general agent of the city for the purpose of cleaning the streets and for other purposes, and, as such, authorized to bind the city by acts done within his delegated authority.

Men employed by the city inspector of New York in the matters by law committed to his charge are entitled to compensation from the city for their labor performed in good faith.

Where the contract for such labor is unauthorized, the city may afterwards ratify it, and persons who have acted under it may recover from the city what such labor is worth.

An injunction, restraining the city officers from making payment of sums for which the city is liable, cannot be sustained.

Motion to dissolve an injunction.

John Hecker brought suit, as a tax-payer of the city of New York, against the corporation of that city, and the mayor, comptroller, city inspector, corporation counsel, and city chamberlain of that city, and F. A. Palmer, president of the Broadway Bank, to restrain them from paying certain sums for the cleaning of the streets.